UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| ] | |
| v.                        ] | Cr. No. 1:24-cr-00057-JL-TSM |
| ] | |
| ] | |
| MICHELLE STEWART          ] | |

**DEFENDANTS MOTION FOR A JUDGEMENT OF ACQUITTAL**

NOW COMES DEFENDANT, Michelle Stewart (hereinafter "Defendant"), by and through Counsel for Mrs. Stewart, Attorney John MacLachlan, pursuant to Federal Rules of Criminal Procedure R. 29, respectfully moves this Honorable Court to enter a judgment of acquittal for the reasons hereinafter set forth.

As grounds therefore, Defendant hereby submits as follows:

1. The Government has concluded presenting its evidence in said matter; and
2. The Government's evidence as presented is insufficient, as matters of both fact and law, to establish guilt on the part of Defendant.

WHEREFORE, based upon the foregoing arguments, authorities and accompanying memorandum of law, Defendant hereby requests that this Honorable Court allow Defendant's Motion for a Judgment of Acquittal.

1

Respectfully Submitted,

Date: June 2, 2025

/s/ *John G. MacLachlan*
John G. MacLachlan
N.H. Bar No. 15596
Law Office of John G. MacLachlan
& Associates, LLC.
5 Elm Street, Ste. 3
Danvers, MA 01923
Tel: (978) 745-9569
Email: jmaclachlan@jgmlaw.us

## CERTIFICATE OF SERVICE

I hereby certify that the above document was served on June 2, 2025, and in a manner specified herein; electronically served through CM/ECF to AUSA Cesar Vega

Respectfully Submitted,

Date: June 2, 2025

/s/ *John G. MacLachlan*
John G. MacLachlan
N.H. Bar No. 15596
Law Office of John G. MacLachlan
& Associates, LLC.
5 Elm Street, Ste. 3
Danvers, MA 01923
Tel: (978) 745-9569
Email: jmaclachlan@jgmlaw.us

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| ] | |
| v. ] | Cr. No. 1:24-cr-00057-JL-TSM |
| ] | |
| ] | |
| MICHELLE STEWART ] | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MOTION FOR A JUDGEMENT OF ACQUITTAL

The Defendant, Michelle Stewart, moves this Honorable Court pursuant to Federal Rules of Criminal Procedure 29(b) to enter a judgment of acquittal on the following charges in the above-entitled matter: One count of Possession of Firearms by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(8).

### FACTS

The investigations that led to the indictment started with two photographs. The dates on the photographs were July 4, 2021, and March 20, 2022. Mrs. Stewart's residence in Webster, New Hampshire, was the alleged location where the photographs were taken. Mrs. Stewart is alleged to have possessed a separate firearm in each photograph. The photographs that depict the two firearms were introduced into evidence at trial as Trial Exhibit #6b, 6c and 6d and #8. The two pictures formed the basis of the Government charging Michelle Stewart with Possession of Firearms by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(8).

3

At trial the parties stipulated to the following facts: (i) Prior to the dates alleged in the Indictment, the defendant, Michelle Stewart, was convicted in Merrimack County Superior Court of at least one crime punishable by imprisonment for a term exceeding one year; (ii) on the dates alleged in the Indictment, the defendant, Michelle Stewart, knew she had been convicted in Merrimack County Superior Court of at least one crime punishable by imprisonment for a term exceeding one year; (iii) after they were manufactured, the firearms identified in the Indictment moved from one state to another or from a foreign country into the United States; (iv) at all times relevant to the events alleged in the Indictment, the defendant, Michelle Stewart, was married to Dale Stewart, Jr.; and (v) at all times relevant to the events alleged in the Indictment, the defendant, Michelle Stewart, lived at 1109 Long Street in Webster, New Hampshire, and owned the land and single-family residence thereon with her husband, Dale Stewart, Jr.

During trial on this matter the government moved to introduce two photographs that allege to depict the defendant holding a firearm[1]. When the government moved to introduce the photographs, the defense objected on foundational grounds. The government relied on Agent Hoover to provide the foundation in accordance with Federal Rules of Evidence 901(a) and (b)(1). Agent Hoover stated that Trial Exhibit #6b, 6c and 6d derived from the picture he had taken of the Defendant's phone. He testified that Exhibit #8 was a picture he had observed on the phone of Mr. Dale Stewart, the Defendant's husband. Agent Hoover stated that the picture was an accurate representation of what he observed. Defense objected. Defense argued that Agent Hoover had no firsthand knowledge that the photographs were what the government purported then to be, or the contents they purported to represent. The defense argued that the witness could only form a foundation to the fact that it was an accurate depiction of the picture

---

[1] See Trial Exhibit #6b, 6c and 6d and #8; 6b, 6c, and 6d are the same photograph.

he took of Mrs. Stewart's phone and the picture he observed on Mr. Dale Stewart's phone. He could not form a foundation that the evidence represented a picture of Mrs. Stewart holding a firearm because he had no firsthand knowledge that photograph was an accurate depiction of what the government purported it to represent. In response, the government changed its questioning of Agent Hoover to reflect his limited knowledge of the evidence. The Court allowed the introduction of the evidence on the basis that he had firsthand knowledge as to his observation. In essence, that the photograph represented pictures he had seen. No additional testimony from any government witness was provided regarding the facts and circumstances surrounding the taking of the picture. Nor was any forensic evidence provided that the picture represented an accurate depiction of what it purported to show.

## **STANDARD OF REVIEW**

The judge on motion of a defendant or on his own motion shall enter a judgment of acquittal of the offense charged in an indictment or complaint or any part thereof after the evidence on either side is closed if the evidence is insufficient as a matter of law to sustain a conviction on the charge. See *Fed. R. Crim. P. R. 29.* The standard to be applied in deciding the motion is whether, taking the evidence in the light most favorable to the Government, any rational trier of fact could find that each of the essential elements of the crime has been proven beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942).

**ARGUMENT**

I. **THE GOVERNMENT'S EVIDENCE AS PRESENTED IS INSUFFICIENT, AS TO MATTERS OF BOTH FACT AND LAW, TO ESTABLISH THAT THE ESSENTIAL ELEMENTS OF THE CRIME HAVE BEEN PROVEN BEYOND A REASONBLE DOUBT ON THE PART OF THE DEFENDANT, MICHELLE STEWART, ON THE CHARGE OF POSSESSION OF FIREARMS BY A PROHIBITED PERSON IN VIOLATION OF 18 U.S.C. §§ 922(G)(1) & 924(A)(8).**

In order to prove the Defendant committed the crime of Possession of Firearms by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(8), the Government must prove, beyond a reasonable doubt, the following elements: (1) That the defendant knowingly possessed the firearm described in the indictment; (2) That at the time defendant allegedly possessed the firearm, the defendant had been convicted of a felony, or alternatively, the parties have stipulated that defendant was a convicted felon; (3) That the defendant knew at the time the she possessed the firearm that she was a convicted felon; and (4) That the firearm, at any time after it was manufactured, moved from one state to another. *See* 18 U.S.C, §922(g); and *Rehaif v. United States*, 139 S. Ct. 2191, 2195-96, 2200 (2019).

Element one, that the defendant knowingly possessed the firearm described in the indictment has not been proved beyond a reasonable doubt by the Government based on the evidence presented at trial.

A. **There is insufficient evidence to prove beyond a reasonable doubt that defendant possessed the firearms admitted into evidence during the trial.**

1. **Trial Exhibit #6 b, c, and d and Exhibit #8 lacked sufficient authentication to purport what the Government indicates they demonstrate.**

During the trial the government introduced two pictures. (See Trial Exhibit #6b, 6c, 6d and 8)[2]. The government moved to introduce photographs during the testimony of Agent Hoover. The pictures appear to show Mrs. Stewart holding a firearm. In trial Exhibit 6b the picture purports to show Michelle Stewart inside her kitchen area holding an AK-47 style rifle. In trial Exhibit 8 the picture purports to show Michelle Stewart outside her front porch holding an AR-15 style rifle. Counsel for the defendant objected to the introduction of the pictures. The objection was based on foundational grounds. See *Federal Rules of Evidence 901(a) and (b)(1)*. The defense argued that the witness does not have the proper foundation to authenticate evidence.

The testimony offered by Agent Hoover was that he had observed one of the pictures on Mrs. Stewart's phone. The picture he observed purports to show Michelle Stewart inside her kitchen area holding an AK-47 style rifle. As a result of his observation, Agent Hoover took a photograph of the picture of Mrs. Stewart's phone with his phone. The photograph that the government sought to introduce was the picture Agent Hoover had taken of Mrs. Stewart's phone. The second photograph was located on Dale Stewart's phone. This picture purports to show Michelle Stewart on her front porch holding an AR-15 style rifle. The photograph that the government sought to introduce was a printed version of the photograph taken from Dale Stewart's phone. Neither Mrs. Stewart's phone nor Dale Stewart's phone containing the images were introduced into evidence.

The defense argued that Agent Hoover's testimony was insufficient to build the proper foundation to admit the pictures. Federal Rule of Evidence Rule 901(a) states that "to satisfy the

---

[2] Exhibit 6 b, c, and d are the same picture.

7

requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Rule 901(b)(1) states, in part, as an example, to satisfy this requirement, is "Testimony of a Witness with Knowledge. Testimony that an item is what it is claimed to be." See *Id*. Agent Hoover had no knowledge that the picture represented an accurate portrayal of Mrs. Stewart holding or possessing firearms. Without the ability to testify that the photograph is an accurate depiction of what it purports to represent, Rule 901(a) bars its admissibility. The rule acts to bar evidence that is not authentic. It functions to ensure that evidence, "is what the proponent claims it is" See *Id*. The government never provided sufficient evidence to reach that threshold. That was the basis of defense's objection.

The lack of ability to properly authenticate a digital image located in a phone can have profound consequences. Agent Hoover admitted that he had no firsthand knowledge that the picture purported to be what it represents. His knowledge was limited only to what he had observed on Dale Stewart's phone and Mrs. Stewart's phone. The government provided no evidence of additional forensic analysis to demonstrate that the photographs presented to the jury had not been manipulated, edited or altered. The Government provided no evidence regarding the time the photographs were taken[3] or whether they originated from the locations they were discovered. The government provided no additional witness to testify regarding their firsthand knowledge that the photograph was an accurate depiction of Mrs. Stewart holding a firearm. Agent Hoover's foundation was limited to the fact that he had firsthand knowledge that the pictures were observations that he discovered on the phones. Agent Hoover provided testimony that one

---

[3] Both Trial Exhibit 6b and 8 did have what appeared to be a date. However, on cross examination Agent Hoover admitted to not knowing if this date represented when the photographs were taken.

picture was an accurate representation of the picture from his phone that he took of Mrs. Stewart's phone[4]. The other picture was a photograph he observed on Mr. Stewart's phone[5]. It was based on this foundation that the photographs were admitted into evidence. The consequence of admissibility with no evidence of the photograph's authenticity leaves the jury to conclude that the photographs are real without any evidence to substantiate that conclusion. This result is the precise reason the defendant objected to the government's foundation when they moved to introduce the pictures.

In *United States v. Espinal-Almedia*, 699 F.3d 588, 613 (2012), the Court, citing *Asociacion Peridist as de Puerto Rico v. Muller*, 680 F.3d 70, 79 (2012), stated that "so long as the evidence is sufficient to allow a reasonable person to believe the evidence is what it purports to be, it is left to the fact finder to determine what weight it deserves." See *Id*. In this case, there is insufficient evidence that the pictures are what the government purports them to be, Mrs. Stewart holding two firearms as defined by 18 U.S.C. § 921(a)(3). This is based on the fact the government introduced no evidence that the pictures are authentic representations of what they purport to demonstrate. No reasonable person can conclude that the testimony of Agent Hoover provides sufficient authentication, his firsthand knowledge, that Exhibit 6b, c, and d and Exhibit #8 are an authentic representation of Mrs. Stewart holding a firearm. To that end, the authentication necessary to facilitate its admissibility was permitted by his ability to testify to the limited knowledge of what he had observed on the phones. Without more firsthand evidence that the image is an accurate representation of what the government purports it to be, it cannot be left to the jury to determine its weight as evidence of her possessing a firearm. See *Id.* The result of

---

[4] See Trial Exhibit 6b,c,and d.
[5] See Trial Exhibit 8

the deficiency in the evidence means any rational trier of fact could not find that each of the essential elements of the crime has been proven beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942).

2. **The result of the deficiency in the evidence means any rational trier of fact could not find that each of the essential elements of the crime has been proven beyond a reasonable doubt.** *Glasser v. United States*, **315 U.S. 60, 80 (1942).**

The standard for Criminal Procedure R. 29 is taking the evidence in the light most favorable to the Government, any rational trier of fact could find that each of the essential elements of the crime has been proven beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942). The pictures the government introduced represent the only evidence of actual possession of the firearms. The question of whether Mrs. Stewart had access to the firearms in the house was not a question before the jury.[6] The issue before the jury was whether the firearms depicted in the pictures were operable firearms as defined by 18 U.S.C. § 921(a)(3). To that end the government introduced Trial Exhibit 2 and 2a. Those exhibits represented actual firearms removed from the residence. Those firearms were examined by Agent Patrick Dawley and determined to be operable firearms as defined by 18 U.S.C. § 921(a)(3).

The government offered no testimony from any witness that the firearms in Trial Exhibit 2 and 2a had specific distinguishable characteristics identifiable on both the pictures and the physical evidence. Both Agent Hoover and Agent Dawley admitted on cross-examination that the characteristics they testified to regarding the firearms were common to all weapons of that type

---

[6] The government introduced evidence of multiple firearms removed from the house and that the firearms depicted in the pictures came from the residence.

10

and class. The picture itself provides no reasonable inference, that the firearms in Trial Exhibit 2 and 2a are the same as those in Exhibit 6b, 6c, and 6d and Exhibit #8. This is acutely important because such circumstantial evidence could indicate additional facts necessary to conclude that the pictures are authentic. Arguably, if Agent Hoover identified specific characteristics on the weapons introduced into evidence as Exhibit 2 and 2a match those on Exhibit 6b, 6c, and 6d and Exhibit #8 he would possess additional firsthand knowledge that the pictures are what they purport to demonstrate. But no such evidence was provided to the jury.

Additionally, the mere existence of Exhibit 2 and 2a and additional pictures of weapons and video in the residence fail to provide reasonable inferences as to the authenticity of Exhibit 6b, 6c, and 6d and Exhibit #8. No evidence was provided at the trial to authentic Exhibit 6b, 6c, and 6d and Exhibit #8 beyond indicating they were observations made by Agent Hoover. The evidence only demonstrates that the photographs were observed on the phone, not that they purport to show her holding a firearm. This was the basis of the defendant's objection at trial. No witness or additional evidence was admitted by the government to build that foundation after the objection of the defendant. The government should not be permitted to argue that the jury is free to conclude that Agent Hoover's testimony is sufficient to allow a reasonable person to conclude that it is an accurate depiction of Mrs. Stewart holding a firearm. To do so, would render meaningless the objection and the grounds the evidence was admitted.

Without any evidence to authenticate Exhibit 6b, 6c, and 6d and Exhibit #8 as what the government purports it to be no rational trier of fact could find that each of the essential elements of the crime has been proven beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60,

11

80 (1942). Specifically, that Mrs. Stewart ever possessed Trial Exhibit 2 and 2a. The actual firearms removed from the residence. The only firearms examined by Agent Patrick Dawley and determined to be operable firearms as defined by 18 U.S.C. § 921(a)(3). The firearms the government must prove beyond a reasonable doubt that Mrs. Stewart possessed in Exhibit 6b, 6c, and 6d and Exhibit #8. Thus, Mrs. Stewart should be entitled to judgment of acquittal of the offense charged in the indictment.

Without more evidence the Government has failed to provide sufficient evidence to establish, beyond a reasonable doubt, that the Defendant is guilty of the crime of Possession of Firearms by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(8).

3. **The weight of the evidence is insufficient to establish, beyond a reasonable doubt, that the Defendant is guilty of the crime of Possession of Firearms by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(8).**

Putting aside the lack of foundation with Exhibit 6b, 6c, and 6d and Exhibit #8. The Government's evidence is insufficient to establish, beyond a reasonable doubt, that Mrs. Stewart is guilty. See *Id.* Exhibit 6b, 6c, and 6d and Exhibit #8 alleged to show pictures of Mrs. Stewart possessing two firearms. The government introduced Trial Exhibit 2 and 2a to provide evidence that the items in the photograph meet the definition of 18 U.S.C. § 921(a)(3). Agent Dawley testified to his analysis of the firearms. The defense stipulated that after Trial Exhibit 2 and 2a were manufactured, they moved from one state to another or from a foreign country into the United States. This is sufficient evidence for a reasonable jury to conclude that Trial Exhibit 2 and 2a are firearms as defined by 18 U.S.C. § 921(a)(3).

The analysis does not end at establishing Trial Exhibit 2 and 2a are firearms as defined by 18 U.S.C. § 921(a)(3). For the government to produce sufficient evidence that a reasonable jury could conclude Mrs. Stewart possessed firearms the government must prove Mrs. Stewart possessed the firearms in Trial Exhibit 2 and 2a. No evidence was admitted at trial that any other firearms removed from the residence were operable as defined by 18 U.S.C. § 921(a)(3). Without such evidence the possession of any other alleged firearms in the residence cannot fulfill the Government's burden.

There was insufficient evidence that a reasonable juror could conclude that the firearms in Trial Exhibit 2 and 2a are the same as those in Exhibit 6b, 6c, and 6d and Exhibit #8.  As noted above, both Agent Hoover and Agent Dawley admitted on cross-examination that the characteristics they testified to regarding Trial Exhibit 2 and 2a were common to all weapons of that type and class. Both agents testified that Trial Exhibit 2 and 2a were produced in mass and distributed throughout the United States. They both admitted that such firearms exist as replicas. Without specific characteristics the jury would simply be left guessing whether the Exhibit #6b, 6c, and 6d and Exhibit #8 are the same as Trial Exhibit #2 and #2a. No reasonable juror would be able to rely on the testimony of Agent Hoover and Agent Dawley regarding general characteristics to make the match to Exhibit #6b, 6c, and 6d and Exhibit #8

This essentially leaves the government arguing that the circumstantial evidence at the trial is sufficient for the jury to conclude Mrs. Stewart possessed Trial Exhibit 2 and 2a. Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. There is insufficient circumstantial evidence in this case for the jurors to find that Trial Exhibit 2 and 2a

and the firearm depicted in Exhibit #6b, 6c, and 6d and Exhibit #8 are the same. Evidence that can be inferred as establishing this connection is extremely remote. The Government is relying on the evidence of Trial Exhibit 2 and 2a along with other firearms being removed from the residence.  Mrs. Stewart was present for the execution of the search warrant. On cross-examination both the Government witnesses testified that when executing the search warrant Mrs. Stewart was not the target of any investigation. She did not provide the combinations to the safe where Trial Exhibit 2 and 2a were located. Nor was she arrested or detained for possession of any firearms at that time. The fact that Trial Exhibit 2 and 2a were removed from the residence along with other weapons does not tend to prove that Exhibit #6b, 6c, and 6d and Exhibit #8 are the same firearm depicted in Exhibit 2 and 2a. This is especially true, given the foundation for admission of Exhibit #6b, 6c, and 6d and Exhibit #8.

Without more evidence to link Trial Exhibit 2 and 2a with Exhibit #6b, 6c, and 6d and Exhibit #8 the Government has failed to provide sufficient evidence to establish, beyond a reasonable doubt, that the Defendant is guilty of the crime of Possession of Firearms by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(8).

## CONCLUSION

For all the reasons stated in the Defendant's Motion for a Judgment of Acquittal, and Memorandum of Law in Support Defendant's Motion for a Judgment of Acquittal, the Defendant requests that the court **GRANT** this Motion.

Respectfully Submitted,

Date: June 2, 2025

/s/ *John G. MacLachlan*
John G. MacLachlan
N.H. Bar No. 15596
Law Office of John G. MacLachlan
& Associates, LLC.
5 Elm Street, Ste. 3
Danvers, MA 01923
Tel: (978) 745-9569
Email: jmaclachlan@jgmlaw.us

## CERTIFICATE OF SERVICE

I hereby certify that the above document was served on June 2, 2025, and in a manner specified herein; electronically served through CM/ECF to AUSA Cesar Vega.

Respectfully Submitted,

Date: June 2, 2025

/s/ *John G. MacLachlan*
John G. MacLachlan
N.H. Bar No. 15596
Law Office of John G. MacLachlan
& Associates, LLC.
5 Elm Street, Ste. 3
Danvers, MA 01923
Tel: (978) 745-9569
Email: jmaclachlan@jgmlaw.us